In the Matter of the Claim of FRANCES UHROVICK, Respondent-Appellant, *v.* ABE LAVINE, as Commissioner of Social Services of the State of New York, Appellant-Respondent.

Third Department, February 28, 1974.

*Louis J. Lefkowitz, Attorney-General* (*Sidney L. Grossman* and *Ruth Kessler Toch* of counsel), for appellant-respondent.

*Herbert L. Warren* (*John Capowski* of counsel), for respondent-appellant.

MAIN, J. These are cross appeals from a judgment of the Supreme Court at Special Term, entered July 12, 1973 in Tompkins County, which annulled the respondent commissioner's action in affirming the discontinuance of assistance to petitioner and her children by the Tompkins County Department of Social Services and denied petitioner's request for retroactive benefits withheld because of said discontinuance.

Included in petitioner's household on August 11, 1972 were herself, her second husband, Mr. Stephen Uhrovick, Sr., one child by her second husband, Stephen Uhrovick, Jr., and two children of a previous marriage, Pamela and Darlene Brotherton. The Tompkins County Social Services Department informed petitioner on that date that, effective September 1, 1972, aid to her children as authorized by title 10 of article 5 of the Social Services Law would be terminated since her husband was then resident in her home and, therefore, the presumption under Social Service regulations (18 NYCRR 352.31 [a] [2]) that his income was available for the support of his stepchildren should be applied. Aid was continued until September 12, 1972, however, when the commissioner found, after a hearing, that assistance had been properly discontinued and affirmed the department's decision. Neither petitioner nor her children received any benefits from that time until April 1, 1973, at which time petitioner was able to establish that Mr. Uhrovick was no longer a member of her household.

On January 23, 1973, the instant proceeding was commenced, pursuant to article 78 of the CPLR, to annul the determination of the Department of Social Services and to direct that petitioner receive the retroactive benefits which had been withheld. Special Term, finding that 18 NYCRR 352.31 (a) (2) was contrary to a Federal regulation of the Department of Health, Education and Welfare (Code of Fed. Reg., tit. 45, § 233.90), under which this joint Federal-State program was administered, granted so much of the petition as sought an annulment of the termination of benefits, but denied the request for retroactive benefits.

We agree with Special Term that there is a conflict between the State and Federal regulations. According to section 233.90 of title 45 of the Code of Federal Regulations, there must be a State law of general applicability requiring " stepparents to support stepchildren to the same extent that natural or adoptive parents are required to support their children " before Mr. Uhrovick's income becomes relevant to the present situation, whereas 18 NYCRR 352.31 (a) (2) permits the assumption that his income is available for the support of his stepchildren merely because he resides with them. As is readily apparent, this assumption is unwarranted under the Federal rule, absent the requisite statute, and New York has no such statute.

Both subdivision 1 of section 101 of the Social Services Law and section 415 of the Family Court Act are inadequate as they require stepparent support equivalent to that of a natural or adoptive parent only where a minor child is without means and liable to become a public charge. A similar Indiana law has been held to be not generally applicable and, hence, in conflict with Federal regulations (*Gaither* v. *Sterrett,* 346 F. Supp. 1095 [N. D. Ind., 1972], affd. 409 U. S. 1070) and, likewise, the Department of Health, Education and Welfare has interpreted the phrase " generally applicable statute " to mean a statute, pursuant to which, a court could compel performance by a stepparent of a duty to support regardless of his stepchild's financial well-being (*Gaither* v. *Sterrett, supra,* p. 1101).

Furthermore, article 3-A of the Domestic Relations Law, the only other possibility, is also insufficient as it is " concerned solely with the enforcement of the already existing duties " between persons located in different States or counties (9 U. L. A., p. 806 [1973]; Preface to the 1968 Revised Act) and, therefore, creates no independent obligations apart from New York's governing substantive support statutes.

As to retroactive benefits, on the other hand, we hold that they must be awarded. They have been granted in similar

situations in the past when the income of a stepfather has been wrongly attributed as available to his stepchildren (*Grubb* v. *Sterrett*, 315 F. Supp. 990 [N. D. Ind., 1970], affd. 400 U. S. 922; *Ojeda* v. *Hackney*, 319 F. Supp. 149 [N. D. Tex., 1970]; *Borkman* v. *Commissioner of Social Welfare*, 128 Vt. 561), and for us to do otherwise would permit a State to violate Federal requirements with financial impunity (cf. *Alvarado* v. *Schmidt*, 317 F. Supp. 1027 [W. D. Wis., 1970]).

The judgment should be modified, on the law and the facts, by reversing so much thereof as denied petitioner retroactive benefits and matter remitted to the Tompkins County Social Services Department for computation of said benefits which are to be paid to petitioner, and, as so modified, affirmed, without costs.

HERLIHY, P. J., COOKE, SWEENEY and KANE, JJ., concur.

Judgment modified, on the law and the facts, by reversing so much thereof as denied petitioner retroactive benefits, and matter remitted to the Tompkins County Social Services Department for computation of said benefits which are to be paid to petitioner, and, as so modified, affirmed, without costs.