■ In the Matter of MARGARET SCHIMMEL et al., On Behalf of Themselves and All Other Persons Similarly Situated, Respondents, v JAMES REED, as Commissioner of the Department of Social Services of the County of Monroe, et al., Appellants.—Judgment unanimously modified in accordance with memorandum and as modified, affirmed, without costs. Memorandum: From January 1, 1974 to October 16, 1974 appellants, as Commission-

ers of the New York State and Monroe County Social Services Departments, prorated respondents' fuel and shelter allowances under the Aid to Families with Dependent Children Program. This proration was based upon the presence of a supplemental security income beneficiary within these households. In a judgment entered at Special Term on March 14, 1975 the Monroe County Supreme Court, *inter alia,* granted class action relief to respondents, declared void appellants' proration policy as violative of title 42 (§ 602, subd [a], par [24] of the United States Code and ordered appellants to provide the named respondents and members of their class with the benefits wrongfully prorated, retroactive to January 1, 1974. The grant of retroactive benefits is clearly within the remedial equity jurisdiction of the courts *(Rothstein v Wyman,* 467 F2d 226, cert den 411 US 921). Provision for retroactive assistance is especially warranted where "to do otherwise would permit a State to violate Federal requirements with financial impunity." *(Matter of Uhrovick v Lavine,* 43 AD2d 481, affd 35 NY2d 892.) Appellants' implementation and continuance of the proration policy in light of specific Federal directives to the contrary as early as December 20, 1973, necessitates providing such benefits retroactive to January 1, 1974. However, the grant of class action relief in this case was improper. There was no evidence that all members of the class had previously exhausted their administrative remedies by obtaining fair hearings within the Social Services Department *(Matter of Barton v Lavine,* 46 AD2d 981). Furthermore, the grant of class relief to all persons who received prorated allowances might result in the disbursement of retroactive benefits to persons no longer in need of public assistance *(Rothstein v Wyman, supra).* Finally, such relief is inappropriate "where governmental operations are involved, and where subsequent petitioners will be adequately protected under the principles of *stare decisis".* *(Matter of Jones v Berman,* 37 NY2d 42, 57, citing *Matter of Rivera v Trimarco,* 36 NY2d 747). (Appeal from judgment of Monroe Supreme Court in article 78 proceeding to restore benefits withheld.) Present—Moule, J. P., Cardamone, Simons, Goldman and Witmer, JJ.