Roger J. Miner, J.
This is an application pursuant to CPLR article 78 to compel the Ulster County Commissioner of Social Services to make payment pursuant to the direction of a fair hearing decision.
By decision dated October 7, 1976, after fair hearing on July 23, 1976, the State Department of Social Services determined *275 that the local agency erred in denying petitioner’s application of March 26, 1976 for public assistance. Apparently, the application was denied for the reason that the agency had improperly required proof that petitioner was not enrolled as a full-time student. The decision directed the agency to provide public assistance "from March 26, 1976 until the present in accordance with his verified degree of need for such time”.
It appears that petitioner was incarcerated from July 8, 1976 to July 29, 1976, at which time he reapplied for public assistance. On August 24, 1976, the application was denied by the local agency and a fair hearing was held on September 27, 1976, upon a request to review that determination. This fair hearing decision, dated October 15, 1976, held that there was no issue to be decided in light of the decision of October 7, 1976 granting assistance to petitioner retroactive to March 26.
By letter dated October 7, 1976, petitioner advised the local agency that he was leaving the area and would no longer require public assistance. The agency now takes the position that it need not pay retroactive benefits as directed by the fair hearing decisions, under the authority of 18 NYCRR 381.3 (c), which prohibits retroactive payments in a closed case except under certain limited circumstances. The court cannot agree with this contention.
Where the correction of a denial of assistance has been ordered after fair hearing, an applicant is entitled to a grant "for the entire period from the date the incorrect action was taken.” (18 NYCRR 358.20.) Any other interpretation would permit a benefit to be derived from a denial of assistance and a delay in the fair hearing until the case could be closed for any reason. (Matter of Uhrovick v Lavine, 43 AD2d 481, affd 35 NY2d 892.) The local agency is bound by the unambiguous decision of the State Commissioner of Social Services and, being an agent of the State department, cannot substitute its interpretation of the regulations for that of the department. (Social Services Law, § 353, subd 2; 18 NYCRR 358.22; Matter of Samuels v Berger, 55 AD2d 913.)