Wallace R Cotton, J.
In this article 78 proceeding petitioner seeks a judgment reversing and annulling a decision of respondent Philip Toia, as Commissioner of the Department of Social Services of the State of New York, made after a statutory fair hearing which affirmed a determination of respondent J. Henry Smith as Commissioner of the Department of Social Services that petitioner’s grant of home relief in behalf of her sister was held adequate and for a judgment declaring null and void the provisions of 18 NYCRR 381.3(c) and 352.31 (e) as applied to recipients of Supplemental Security Income (SSI) and directing respondent Smith to issue a special grant of public assistance to petitioner to restore all underpayments of public assistance to which she is entitled. Petitioner is a recipient of SSI and she had been a recipient of public assistance in the home relief category as payee for her sister, Bernice Whitehead, from the New York City Department of Social Services until May 18, 1976, when Bernice Whitehead’s application for SSI was accepted and petitioner began receiving SSI benefits on behalf of her sister.
Prior thereto, petitioner received as payee for her sister a semimonthly grant of $79.50 representing $47 for food and other expenses and $32.50 for rent. Petitioner claims that she should receive $65 for rent for a total semimonthly allowance of $112. Petitioner sought to recover the amount allegedly underpaid without success. On April 5, 1976, petitioner requested a fair hearing to review the city agency’s action. On May 21, 1976, a fair hearing was held and on August 3, 1976, respondent Toia issued a decision after fair hearing which affirmed the agency’s action. The decision stated as follows: "Section 381.3 (c) of the Regulations of the State Department of Social Services provides that payments shall only be made to persons who are active recipients of assistance on the date of payment. Assuming without deciding that the appellant’s grant was underpaid while she was a recipient, the cited regulation precludes retroactive payment at this time inasmuch as the appellant is not now an active recipient of public assistance. There is no provision of the Social Service Law or *393 Regulations which authorizes retroactive corrective payment under the circumstances of this case.”
Respondent in opposition asserts three affirmative defenses. The first defense is that petitioner fails to state a cause of action because petitioner failed to set forth the statute, regulation or rate schedule under which she feels aggrieved. The second defense is predicated upon the fact that petitioner is not a current recipient or active recipient since her case is closed and she is receiving SSI on behalf of her sister citing 18 NYCRR 352.31 (e) and 381.3 (c). These sections relate to correction of underpayments and payment in a closed case. Moreover, respondent asserts that expenditure of public funds for one not a recipient of a State welfare program is unauthorized and the object of such funds is to elevate present need, not to provide post facto windfalls. The third affirmative defense asserts that if petitioner was underbudgeted for the period before receiving SSI, the city agency would be entitled to recovery of those moneys from petitioner’s lump-sum grant from SSI which represents the interval between application for, SSI and admission to the program.
At the outset, this court notes that the fair hearing officer failed to ascertain the length of time petitioner was receiving the grant of home relief in behalf of her sister and the amount allegedly underpaid. It appears to this court that petitioner is claiming that she was entitled to $65 semimonthly for rent instead of $32.50.
Respondent’s first defense that petitioner fails to state a cause of action is rejected by this court at this time. Petitioner’s claim of underpayment for rent was not adequately presented at the fair hearing. At the hearing, the agency representative indicated that petitioner had been underbudgeted for a period of time. However, he contended that she should be considered invisible as she was on SSI. It is apparent that petitioner’s claim is legitimate but for the fact her, sister was accepted for SSI on May 18, 1976. However, it is clear that petitioner was a current recipient at the time she sought the fair hearing. Also, her case was closed before the issuance of the decision after fair hearing on August 3, 1976, but this fact cannot be used to deny petitioner’s legitimate claim for underpayments at the time she was an active recipient.
Additionally, respondent’s contention that petitioner’s lump-sum grant from SSI would work a wash for the short-term *394 underpayments is without merit. There is no showing at the hearing or in the papers whether petitioner received such a lump-sum grant and the amount of such grant.
Though SSI is a Federal program, the State cannot ignore its obligation to provide for needy people, especially, the aged, blind and disabled persons.
The decision by respondent Toia that petitioner though possibly underpaid when a recipient is precluded from retroactive payment at this time inasmuch as she is not now an active recipient of public assistance is palpably unfair and reflects the most stringent interpretation of the regulation. The respondent’s decision would result in underpaid recipients who, thereafter, receive SSI being unable to challenge the agency’s underpayment of benefits. This type of result is unwarranted and the strict interpretation of the regulation denying former recipients the right to seek recoupment of underpaid benefits as in the instant situation, is improper.
Accordingly, the proceeding is remanded to respondent Toia to conduct a hearing on petitioner’s claim and ascertain the length of time the claimed underpayments were made and whether there may be a setoff from petitioner’s initial lump-sum grant from SSI.