■ In the Matter of Rose Enea, Petitioner, v Philip Toia, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to (1) review a determination of the respondent State commissioner, dated February 22, 1977 and made after a fair hearing, which affirmed a determination of the local agency which excluded shelter and fuel allowances from the amount of the public assistance grant to petitioner and (2) compel the local agency to comply with a decision after a fair hearing, dated October 13, 1976, by retroactively granting public assistance to petitioner's minor children. Determination modified, on the law, by adding thereto a provision directing the local agency to make retroactive payments to petitioner for the period from July 23, 1976 to October 22, 1976, in compliance with the fair hearing decision dated October 13, 1976. As so modified, determination confirmed and proceeding otherwise dismissed on the merits, without costs or disbursements. 18 NYCRR 358.20 requires that "When a fair hearing decision has ordered * * * the correction of a denial of an application for assistance * * * a grant shall be made to cover the full amount to which the applicant * * * was entitled in accordance with the decision for the entire period from the date the incorrect action was taken." Petitioner's children are not entitled to benefits in the category of aid to families with dependent children for their prorated share of shelter and fuel costs under the regulations promulgated by 18 NYCRR 352.3 (c) and 18 NYCRR 352.5 (b). Those regulations expressly apply to recipients who reside with other *nonlegally responsible persons.* Section 101 of the Social Services Law removes the children from that category by declaring stepparents to be legally responsible for support of their stepchildren. Rabin, J. P., Shapiro, Suozzi and O'Connor, JJ., concur.

■ In the Matter of the Estate of Concetta Ippolito, Also Known as Concerta Ippolito, Deceased. Salvatore Morelli, Respondent; Gaetano Ippolito et al., Appellants.—In a probate proceeding, the objectants appeal from a decree of the Surrogate's Court, Kings County, dated May 10, 1976, which, after a nonjury trial, *inter alia,* directed that the will be admitted to probate. Decree affirmed, without costs or disbursements, upon the opinion of Acting Surrogate Ventiera. Rabin, J. P., Shapiro, Suozzi and O'Connor, JJ., concur.

■ In the Matter of Mel-Bern Service Center No. 6 Corp., Petitioner, v Arnold R. Fisher, as Commissioner of Motor Vehicles of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of Motor Vehicles, dated June 17, 1974 and made after a hearing, which suspended petitioner's motor vehicle inspection license for a period of six months. Petition granted and determination annulled, on the law, without costs or disbursements. The determination which resulted in the suspension of petitioner's inspection license for a period of six months is not supported by substantial evidence on the record as a whole. Hopkins, J. P., Latham, Cohalan and Damiani, JJ., concur.