OPINION OF THE COURT
Nathaniel T. Helman, J.
In this article 78 proceeding petitioner moves for a judgment directing the respondent Commissioner of the New York City Department of Social Services (city commissioner) to comply with the decision, after fair hearing, of the respondent State Commissioner of the New York State Department of Social Services (State commissioner) and to compute the amount of retroactive benefits to which petitioner is entitled *571 for the period February 18, 1977 through May 6, 1977 and directing that respondent State commissioner take the steps necessary to insure that the respondent city commissioner complies fully with the decision after fair hearing.
Respondent State commissioner has cross-moved to dismiss the petition on the grounds that pursuant to 18 NYCRR 381.3 (d) public assistance payments are made only to persons who are active recipients of public assistance on the date of payment and that any public assistance payments that petitioner may receive are subject to recoupment pursuant to 18 NYCRR 352.31 (d) (2). It alleges that an investigative report indicates that petitioner has failed to answer or explain the agency’s inquiries regarding her current means of support. Respondent city commissioner has joined in the cross motion.
Although the cross motion is procedural in that the grounds asserted therein could have formed the basis of an answer and opposition to the petition, the court would be disposed to grant leave to respondents to serve an answer should it deny the cross motion and not make a determination on the merits since respondents have requested such leave (CPLR 7804, subd ED-
Respondents’ reliance on 18 NYCRR 381.3 (d) is misplaced. Fair hearing decisions are binding upon local departments and notwithstanding that regulation, payments of retroactive benefits withheld due to error, are to be paid to recipients whose cases have been subsequently closed.
To hold otherwise would be to place a strained and altogether too rigid interpretation on conflicting statutes and regulations. Furthermore, a State agency cannot make regulations which contravene the requirements or mandate of a statute (Matter of Jones v Berman, 37 NY2d 42).
As to respondents’ contention as to recoupment of money owed by petitioner, such defense is, on this record, only sustainable to a limited extent. The bulk of the money alleged to be subject to recoupment has been found by the State agency to be no longer owing.
Accordingly, the cross motion is denied and the respondents shall serve their answer to the petition within 10 days after service of a copy of this order with notice of entry.