OPINION OF THE COURT
J. Robert Lynch, J.
Petitioner made application for an additional fuel allowance (see 18 NYCRR 352.5 [c]). It was denied because the petitioner was not then a recipient of assistance nor was the additional fuel allowance an obligation whose payment had been authorized when the petitioner was a recipient (see 18 NYCRR 381.3 [d]).
The petitioner received public assistance for four months, from December into April, during which time he claims he accumulated some arrears on his fuel bill. The evidence is undisputed that the respondents failed in the duty imposed upon them by 18 NYCRR 351.1 (b) (1) to inform the petitioner of any right that he might have to an additional fuel allowance. Furthermore, the evidence is undisputed that the respondents took over direct payment to the vendor of petitioner’s fuel bills during the time he was on public assistance and, when they did so, they advised the petitioner that the "Niagara Mohawk Corporation will continue to send you your monthly bill, but, in effect, through the above plan, the *434 Onondaga County Department of Social Services will keep your bill current for you” (italics supplied).
Under these circumstances the respondents are equitably estopped from denying an additional fuel allowance because the petitioner was not a recipient of public assistance when he applied for it and because it was not an obligation authorized when he was a recipient (Bender v New York City Health & Hosps. Corp., 38 NY2d 662; Matter of 1555 Boston Rd. Corp. v Finance Administrator of City of N. Y., 61 AD2d 187).
The article 78 petition is granted and the matter is remanded to the respondent county commissioner for further proceedings in the light of this decision.