OPINION OF THE COURT
Donald H. Miller, J.
Petitioner Gloria Wilson, who resided with her daughter, Robin Wilson, now age 18, and petitioner’s father, age 92, during the winter of 1977-1978, received public assistance from the Department of Social Services for her daughter. On July 24, 1978, petitioner made a proper application for an additional allowance for fuel for the 1977-1978 winter on the following grounds: an exceptionally severe winter; unusually *257 poor construction of their home; and poor health of family members.
As of September 1, 1978, the local agency had not acted on petitioner’s application and on that date petitioner’s public assistance case was closed. On September 26, 1978, petitioner requested an administrative fair hearing on the agency’s failure to act on her additional allowance application. It is undisputed that the fair hearing requested by the petitioner regarding her July application for additional fuel allowance was held October 23, 1978, and that a decision was rendered December 28, 1978 summarily denying her application without a consideration of the merits, solely on the ground that there existed no issue to be decided since petitioner’s public assistance case had been closed on September 1, 1978.
The petitioner has requested this court pursuant to CPLR article 78 to annul the fair hearing decision and direct the respondent Lascaris, Commissioner of the Onondaga County Department of Social Services, to make a determination granting or denying petitioner’s July 24 application on its merits. The basis for petitioner’s request is that the afore-mentioned determination was arbitrary and capricious and an error of law.
There is no substantial evidentiary question here and, therefore, this proceeding will not be transferred to the Appellate Division for adjudication, and as stated by this court after oral argument, respondent’s request for such transfer has been denied.
The sole issue before this court is whether respondent’s decision was reasonable in light of petitioner’s public assistance status having been terminated September 1, 1978. Underlying that issue is the question of whether under these circumstances subdivision (d) of section 381.3 of the Regulations of the State Department of Social Services (18 NYCRR) bars the issuance of an additional allowance.*
Although the petitioner made application in July, it appears that the local agency did not complete their investigation, *258 that in fact some time in August of 1978 they discontinued the investigation entirely. Although the respondent relies on 18 NYCRR 381.3, that section involves restrictions on money payments, it does not control the initial question of whether the petitioner is eligible for the additional fuel allowance.
There is no doubt that the petitioner had a right to make the original application and to request a hearing when no determination appeared to be forthcoming. To deny her due process right to a fair resolution, on the merits, when that denial is inextricably intertwined with the respondent agency’s own delay in processing petitioner’s application, is to set forth a procedural mechanism which has the potential of egregious abuse.
No local governmental agency which has a mandate from the citizens of the State of New York should be allowed to completely avoid lawful obligations simply by its own delay and/or error in processing meritorious claims for assistance. (Cf. 18 NYCRR 350.3, 351.8 [b], 352.31 [e], 358.20; Matter of Cullen v Kramer, 90 Misc 2d 274; Matter of Tisdale v Smith, 91 Misc 2d 391; Matter of McWhorter v Blum, 100 Misc 2d 433.) "Any statute or regulation, but particularly social legislation, however broad, must be interpreted and enforced in a reasonable and human manner in accordance with its manifest intent and purpose.” (Matter of Sabot v Lavine, 42 NY2d 1068, 1069.)
The petitioner was potentially eligible for a special allowance on the date of the application and in light of the circumstances here the agency should not have denied the application solely because the applicant at a later point in time became able to subsist without a recurring monthly grant of public assistance.
Petitioner’s motion to annul the December 28, 1978 fair hearing decision is granted, and the respondent Lascaris is directed to make a determination granting or denying petitioner’s July 24, 1978 application on its merits.

 Section 381.3: "Restrictions on money payments. Money payments shall be restricted under the following circumstances: * * * 3(d) Payment in a closed case. Payments shall be made only to persons who are active recipients of assistance on the date of payment. Where an obligation has been authorized (1) prior to recipient’s death, or (2) prior to the date of closing of a case, and where the district is obligated to pay the cost or unpaid balance of the obligation, payment shall be by vendor payment.”