■ In the Matter of LINDA URBANSKI, Individually, and on Behalf of Her Minor Child, EDWARD URBANSKI, JR., Respondents, v BARBARA BLUM, as Commissioner of New York State Department of Social Services, et al., Appellants.—Judgment unanimously affirmed, with costs (see *Matter of Schimmel v Reed,* 50 AD2d 1085, affd 40 NY2d 887; *Matter of Barton v Lavine,* 54 AD2d 350). (Appeals from judgment of Monroe Supreme Court—CPLR art 78.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.

■ JEARLINE TYSON, Respondent, v AETNA LIFE & CASUALTY COMPANY, CASUALTY & SURETY DIVISION, Appellant.—Order unanimously reversed, without costs, motion granted and second complaint dismissed. Memorandum: Plaintiff commenced two separate actions against defendant who moved to dismiss the second complaint pursuant to CPLR 3211 (subd [a], par 4). Special Term denied the motion but consolidated the two actions. This was error. Both complaints have as their foundation the alleged breach by defendant of a contract of insurance entered into between the parties. The first complaint seeks performance of the contract and payment to plaintiff of damages pursuant to the terms of the contract. The second complaint, sounding in tort, seeks punitive damages because of "the failure of the defendant to fulfill its legal obligations under the contract." "The general rule is that 'a breach of contract does not give rise to a tort action * * * in the absence of special, additional allegations of wrongdoing' *(Wegman v Dairylea Coop.,* 50 AD2d 108, 112)" *(Charles v Onondaga Community Coll.,* 69 AD2d 144, 146). Here, no special relation of trust or confidence arose out of the contract between plaintiff and defendant separable from the alleged breach of contract which imposed any duty on defendant upon which a tort action could lie. No wrongful conduct except breach of the contract is asserted. No unlawful purpose except failure to pay a claim under the contract is alleged. In the second complaint, plaintiff has failed to set forth a cause of action cognizable in law (see *Charles v Onondaga Community Coll., supra; Albemarle Theatre v Bayberry Realty Corp.,* 27 AD2d 172; Prosser, Law of Torts [4th ed], § 92, pp 613-618). The motion to dismiss the second complaint should have been granted, therefore, not on the basis of CPLR 3211 (subd [a], par 4), but for failure to state a cause of action (CPLR 3211, subd [a], par 7). (Appeal from order of Erie Supreme Court—dismiss action.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.