■ In the Matter of ROBERT PHILLIPS, Respondent, v GABRIEL RUSSO, as Director of the Monroe County Department of Social Services, et al., Appellants. — Judgment unanimously modified, in accordance with memorandum and as modified, affirmed, without costs. Callahan, J., not participating. Memorandum: This appeal involves petitioner's shelter allowance. Robert Phillips, the petitioner, is a home relief recipient who shares an apartment with an SSI recipient. The rent is $175 per month. Until November, 1978 petitioner received a monthly grant of $94 and a shelter allowance of $136, the maximum monthly amount for a single person household in Monroe County. In October, 1978 petitioner advised the respondent Department of Social Services of Monroe County that the SSI recipient contributed one half of the rent. As a result the agency reduced his shelter allowance to $87.50, which decision was affirmed by respondent State commissioner after a fair hearing. Special Term reversed without setting forth its reasons. Concededly contributions of an SSI recipient may not be used to reduce AFDC benefits *(Matter of Schimmel v Reed,* 50 AD2d 1085, affd 40 NY2d 887). This results from the fact that both of these programs are Federally funded and it is provided by statute that SSI payments received by one member of a household may not be considered as income available to other members of the same household who are receiving AFDC benefits, even though the incomes are pooled (US Code, tit 42, § 602, subd [a], par [24]). Home relief with which we are dealing in this case is a State-funded program not subject to Federal mandate. Nonetheless, the commissioner chose to promulgate a regulation which stated: "A person in receipt of SSI shall not be regarded as a member of a household for the purpose of determining need and amount of

assistance" (18 NYCRR 352.30 [b]). SSI recipients are considered — when determining the amount of assistance for a household — to be invisible. In support of this regulation, the commissioner sent an administrative letter to local agencies dated October 16, 1974 in which, referring to the income of an SSI recipient not being included as income to the resources of an ADC family, he stated: "Although the Federal requirement applies only to ADC, this Department is also applying the same budgetary method to the computation of HR — SSI Cooperative cases". This letter (74 ADM-151) and the examples included in it make plain that the income of an SSI recipient is not to be included in determining the allowance of a home relief recipient. Respondent's shelter allowance was terminated in 1978 while this regulation (18 NYCRR 352.30 [b]) and the policy which implemented it were in effect. On March 31, 1980 the regulation (18 NYCRR 352.30 [b]) was repealed. No attempt may properly be made thereafter to treat home relief and AFDC recipients alike and to consider an SSI recipient in the household as "invisible" regardless of an internal household exchange of funds. Here petitioner reported his monthly rent payments to be in the amount of $87.50. The regulations currently provide that the allowance for rent shall be granted in the amount actually paid by the recipient up to a stated maximum (18 NYCRR 352.3 [a]). In granting petitioner monthly rent assistance of $87.50 respondent granted him the full amount he expended for rent. This constitutes petitioner's full entitlement from March 31, 1980. However, prior to that date petitioner is entitled to his full shelter allowance of $136, since the SSI recipient with whom petitioner was sharing the apartment is considered "invisible" under the regulations in effect up to that date. (Appeal from judgment of Monroe Supreme Court — art 78 proceeding.) Present — Dillon, P.J., Cardamone, Callahan, Denman and Schnepp, JJ.