Patricia BURTON, Petitioner-Respondent,

v.

DEPARTMENT OF HEALTH & SOCIAL SERVICES of the State of Wisconsin, Appellant.†

Court of Appeals

*No. 80–815. Argued April 30, 1981.—*
*Decided July 28, 1981.*
(Also reported in 309 N.W.2d 388.)

For the appellant there were briefs by *Bronson C. La Follette,* attorney general, and *Maureen McGlynn,* assistant attorney general, and oral argument by *Maureen McGlynn,* assistant attorney general.

For the petitioner-respondent there was a brief by *Mary Fisher Bernet,* of Milwaukee, and oral argument by *Mary Fisher Bernet.*

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J. The Department of Health and Social Services has appealed from the judgment of the circuit court. The judgment reversed the department's de-

cision that it lacked jurisdiction to review respondent's claim for AFDC benefits retroactive to the date benefits were improperly withheld from her. We affirm.

The facts are undisputed. Respondent Patricia Burton has received AFDC benefits since 1968. Robert, one of her eight children, has received monthly social security benefits resulting from his father's death since May 1968. Robert's benefits have been deducted from Burton's AFDC payments because Robert was not excluded from her grant in spite of her annual requests that he be excluded.

December 28, 1977 Burton petitioned the department for a "fair hearing" under sec. 49.50 (8), Stats., to remove Robert from her grant and to recompute her AFDC benefits, retroactive to the date her grant was first reduced by his social security benefits. March 13, 1978 the department concluded after the hearing that Burton's benefits should be retroactively recomputed to reflect removal of Robert from her grant. The department limited recomputation, however, to October 1, 1977, on grounds that under 45 C.F.R. sec. 205.10 (a) (5) (iii) (1980) it had jurisdiction only to review action taken ninety days prior to Burton's petition for a hearing.[1]

Burton brought an action for ch. 227, Stats., review of the department's decision, contending that the recomputation should be retroactive to May 1968 when benefits were first denied to her. The department conceded that the ninety-day limit it had relied upon was inapplicable because Burton had not been notified of her right to a hearing. The department contended that a one-year limit created by 45 C.F.R. sec. 233.20 (a) (12) (ii) (a) (1980) applies to the recomputation. The circuit court disagreed with the department and held that

---

[1] 45 C.F.R. sec. 205.10(a)(5)(iii) (1980) provides: "The claimant shall be provided reasonable time, not to exceed 90 days, in which to appeal an agency action."

45 C.F.R. sec. 205.10(a)(18) (1980) authorizes unlimited retroactive relief to Burton. The court denied the department's motion for reconsideration which asserted that in any event retroactive relief should be limited to six years prior to Burton's petition for a hearing under sec. 893.19(4), Stats. 1977, (now sec. 893.93(1)(a), Stats. 1979) and art. VIII, sec. 2 of the Wisconsin Constitution.

AFDC was established under title IV-A of the Social Security Act, 42 U.S.C. secs. 601–610 to provide financial aid to needy dependent children and their custodial adults through federal funds furnished to the states on a matching fund basis. *Van Lare v. Hurley,* 421 U.S. 338, 340 (1975); *Shea v. Vialpando,* 416 U.S. 251, 253 (1974). The program is based on cooperative federalism. *King v. Smith,* 392 U.S. 309, 316 (1968). State plans must comport with federal standards and are invalid under the supremacy clause to the extent they do not conform. *See Carleson v. Remillard,* 406 U.S. 598, 600–01 (1972); *King,* 392 U.S. at 316. Accordingly, sec. 49.50(2), Stats., directs the department to "adopt rules and regulations, not in conflict with law, for the efficient administration of aid to families with dependent children in agreement with the requirement for federal aid."

## Regulatory Limitations

The regulation found by the trial court to control the extent of retroactivity, 45 C.F.R. sec. 205.10(a)(18) (1980), provides in material part:

(a) A state plan under title . . . IV–A . . . of the Social Security Act shall provide for a system of hearings under which:
. . . .

(18) When the hearing decision [under 45 C.F.R. sec. 205.10(a)(5)] is favorable to the claimant . . . the agency shall promptly make corrective payments retroactively *to the date the incorrect action was taken.* (Emphasis added.)

The state plan must, under 45 C.F.R. sec. 205.10(a)(5) (1980), provide an opportunity for a hearing to a recipient who is aggrieved by agency action resulting in reduction in assistance. Section 49.50(8), Stats., provides for that hearing.

The department relies on the one-year limit on retroactive relief in 45 C.F.R. sec. 233.20(a)(12)(ii)(a) (1980), which provides:

A State Plan for . . . AFDC . . . must . . . :
. . . .
(12) Specify uniform Statewide policies for:
. . . .
(ii) Prompt correction of underpayments to current recipients, resulting from administrative error where the State plan provides for recoupment of overpayments. Under this requirement:
(a) Retroactive corrective payments shall be made only for the 12 months preceding the month in which the underpayment is discovered.

Section PW–PA 20.11(3), Wis. Adm. Code, provides that "payments correcting any prior [AFDC] underpayment may be made any time prior to the end of the twelfth month following the month in which such underpayment occurred." Section 49.195(3)(a)3, Stats., provides for recovery by the department of AFDC overpayments.

If 45 C.F.R. sec. 233.20(a)(12)(ii)(a) (1980) controls, the department is under no duty to retroactively recompute claimant's benefits for any period which predates the department's decision by more than one year. If 45 C.F.R. sec. 205.10(a)(18) (1980) controls, the

state may not limit to one year the period of retroactive recomputation.

We are therefore called upon to resolve an apparent conflict between two federal regulations, a task which is more appropriate to the agency which wrote them. No federal administrative or judicial precedent has been cited by the parties, however, and the case law of other states is meager and unhelpful.[2]

The two federal regulations differ in their procedural applications. 45 C.F.R. sec. 205.10 (a) (18) (1980) is procedurally applicable when the hearing decision is favorable to the claimant. 45 C.F.R. sec. 233.20 (a) (12) (ii) (a) (1980) does not refer to a hearing.

---

[2] A series of New York cases relied on a state regulation allowing benefits from the date of the incorrect action where the agency did not discover and correct the error. *Greer v. Blum*, 70 A.D.2d 808, 417 N.Y.S.2d 489, 490 (1979); *Enea v. Toia*, 59 A.D.2d 945, 399 N.Y.S.2d 467, 468 (1977), *appeal denied*, 44 N.Y.2d 646, 407 N.Y.S.2d 1025 (1978); *Cullen v. Kramer*, 90 Misc. 2d 274, 394 N.Y.S.2d 136, 137 (1977). *See also Schmitz v. Smith*, 93 Misc.2d 570, 403 N.Y.S.2d 433, 434 (1978). Two New York courts have specifically authorized full retroactive AFDC payments without discussing the state regulation. *Barton v. Lavine*, 54 A.D.2d 350, 389 N.Y.S.2d 416, 418 (1976) (noting without discussion that "such a result is apparently mandated by Federal regulations"); *Schimmel v. Reed*, 50 A.D.2d 1085, 377 N.Y.S.2d 313, 314 (1975), *aff'd*, 40 N.Y.2d 887, 389 N.Y.S.2d 361, 357 N.E.2d 1016 (1976) (retroactive to date of initial incorrect action without discussion). *See also Uhrovick v. Lavine*, 43 A.D. 2d 481, 352 N.Y.S.2d 529, 532, *aff'd*, 35 N.Y.2d 892, 364 N.Y.S.2d 890, 324 N.E.2d 360 (1974) (retroactive benefits based solely on state regulations; no discussion of period of retroactivity). The department relies on *Thiboutot v. State*, 405 A.2d 230 (Me. 1979), *aff'd*, 444 U.S. 1042 (1980), as supporting a one-year limitation on retroactive payments. The issue on appeal in *Thiboutot* was whether unnamed members of a class were entitled to retroactive benefits, and the lower court's ruling to the contrary was sustained on appeal. Whether the lower court properly gave the plaintiffs who brought the action relief retroactive to the date of incorrect action was not an issue on appeal.

The procedure by which the error is established has nothing to do with the claimant's loss of past benefits. The limitation of retroactive recomputation therefor makes no sense from the claimant's standpoint. The differing periods of retroactive recomputation make sense, however, for AFDC program administration. The one-year limit of 45 C.F.R. sec. 233.20(a)(12)(ii)(a) (1980) encourages the state to correct its errors on its own initiative.

We conclude that the one-year limit on retroactive recomputation contained in 45 C.F.R. sec. 233.20(a)(12) (ii)(a) (1980) is intended to induce the state to correct its own errors, and that the one-year limit applies only where the agency discovers and corrects its error on its own initiative. Where, as here, a claimant establishes the error in a hearing, 45 C.F.R. sec. 205.10(a)(18) (1980) requires corrective payments to the claimant retroactive to the date of the incorrect action.

### State Statute of Limitation

The department urges that the six-year statute of limitations fixed by sec. 893.19(4), Stats. 1977, (now sec. 893.193(1)(a), Stats. 1979) bars Burton's claim for benefits, to the extent she seeks to recover for a period in excess of six years. Section 893.19(4), Stats. 1977, imposes a six-year limitation upon "An action upon a liability created by statute when a different limitation is not prescribed by law." The trial court found sec. 893.19(4), Stats. 1977, inapplicable to Burton's claim because the state statute conflicts with federal law granting full retroactive relief. We agree.

No federal statute of limitations applies to Burton's claim. Where no federal statute of limitations exists, the

controlling period is ordinarily the most appropriate state limitation. *Occidental Life Insurance Co. v. EEOC,* 432 U.S. 355, 367 (1977); *Johnson v. Railway Express Agency,* 421 U.S. 454, 462 (1975). State statutes of limitation will not, however, "be borrowed if their application would be inconsistent with the underlying policies of the federal statute." *Occidental Life Insurance Co.,* 432 U.S. at 367. This principle takes into account that state legislatures "do not devise their limitations periods with national interests in mind." *Id.*

Inconsistencies exist between the application of a state statute of limitation and the rationale behind the federal regulations. The federal scheme rewards the state with limited retroactivity only if it acts on its own initiative to correct AFDC errors, and not if the claimant establishes the need for corrective action through a hearing. Additional protection afforded to a state by a state statute of limitation is inconsistent with that rationale, for the state could eliminate the effect of 45 C.F.R. sec. 205.10(a)(18) (1980) by adopting an appropriate limitation. If each state could apply its own statute of limitation, the happenstance of state legislation would interfere with uniform treatment of states which do not vigilantly attempt to correct their mistakes.

Accordingly, we conclude that the six-year statute of limitations created by sec. 893.19(4), Stats. 1977, is inapplicable to the corrective payments due Burton pursuant to 45 C.F.R. sec. 205.10(a)(18) (1980).

### State Constitutional Limitation

The department alternatively contends that Burton's right to retroactive benefits is constitutionally limited to six years prior to her request for a hearing. Article

VIII, sec. 2 of the Wisconsin Constitution provides: "No money shall be paid out of the treasury except in pursuance of an appropriation by law. No appropriation shall be made for the payment of any claim against the state except claims of the United States and judgments, unless filed within six years after the claim accrued."

As used in art. VIII, sec. 2 of the Wisconsin Constitution, a "claim against the state" means "a legal claim, a demand as of right . . . arising out of contract, where the relation of debtor and creditor exists." *Will of Heinemann,* 201 Wis. 484, 489, 230 N.W. 698, 700 (1930). A retroactive corrective AFDC payment, made pursuant to a state plan in compliance with 45 C.F.R. sec. 205.10 (a) (18) (1980), does not arise out of a contract between the state and the AFDC recipient. The constitutional limitation is inapplicable.

*By the Court.*—Judgment affirmed.