■ In the Matter of SONIA PENA, Appellant, v MICHAEL DOWLING, as Commissioner of New York State Department of Social Services, et al., Respondents. [645 NYS2d 325] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated November 7, 1994, which, after a hearing, determined that the respondent Nassau County Department of Social Services had properly prorated the petitioner's basic monthly allowance, home energy allowance, and supplemental home energy allowance with that of her brother's public assistance grant since July of 1993, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Ain, J.), entered June 19, 1995, which confirmed the determination and dismissed the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination dated November 7, 1994, is annulled, and the respondents are directed to pay to the petitioner the difference between the amount of the public assistance grant that she received when her basic needs, home energy, and supplemental home energy allowances were prorated, and the amount that she would have been entitled to receive if these allowances had not been prorated, retroactive from July of 1993 to the time she reached the age of 21.

At the time of the commencement of this proceeding, the petitioner was 20 years old and had an infant who was one

year and seven months old. The petitioner received a grant pursuant to the Aid to Families with Dependent Children (hereinafter AFDC) program for herself and her child, comprised of a basic monthly allowance, home energy allowance, and supplemental home energy allowance. The petitioner lived with her mother, age 42, as well as her teenage brother. The petitioner's mother received Supplemental Security Income (hereinafter SSI) benefits in her own right, and also received AFDC on behalf of the petitioner's brother.

In July 1993 the respondents began to cooperatively budget and thereby reduce the AFDC grants to the petitioner and her brother by awarding the petitioner $2/3$ of a grant for three people and awarding her brother $1/3$ of a grant for three people (cf., Social Services Law § 131-a; 18 NYCRR 352.1, 352.2). In contesting the cooperative budgeting of her basic needs allowance, home energy allowance, and supplemental home energy allowance, the petitioner argued that pursuant to 42 USC § 602 (a) (24), 18 NYCRR 352.30 (a) and 18 NYCRR 352.2 (b), the respondents could not regard her mother, an SSI recipient, as a member of her assistance unit or family for purposes of determining the amount of AFDC benefits she should receive. She also contended that her AFDC benefits could not be prorated and cooperatively budgeted because she and her brother were not legally responsible for one another.

After a hearing, the respondent Commissioner of the New York State Department of Social Services determined that local agency properly decided to prorate and cooperatively budget the petitioner's AFDC grants with that of her brother. In essence, the respondent determined that because Social Services Law § 101 (1) imposed legal liability on a parent for a child who received public assistance up to the time the child reached 21 years of age, and because 18 NYCRR 352.32 (e) permitted the prorating of various components of an AFDC grant when one individual in an assistance unit is legally responsible for at least one member of another assistance unit, proration and cooperative budgeting was appropriate, because the petitioner and her brother resided with their mother, who was legally responsible for the petitioner until the time the petitioner reached the 21 years of age.

Pursuant to 42 USC § 602 (a) (24), if an individual is receiving SSI benefits, then the individual shall not be regarded as a member of a family for purposes of determining the amount of AFDC benefits of the family, and his/her income and resources shall not be counted as income and resources of the family (see, 42 USC § 602 [a] [24]; see also, 42 USC § 612; 45 CFR 233.20 [a] [1] [ii]; [3] [vi] [A]).

New York State regulations, which are similar to 42 USC § 602 (a) (24), provide that for purposes of monthly grants and allowances under AFDC, children or adults residing with an SSI beneficiary must be considered as a separate household from the SSI beneficiary *(see,* 18 NYCRR 352.2 [b]; *see also,* 18 NYCRR 352.30 [a]).

In utilizing the "legal responsibility" provisions of Social Services Law § 101 and 18 NYCRR 352.32 (e) to prorate and cooperatively budget the petitioner's AFDC grant, the respondents contravened Federal law and regulations, because they necessarily counted the petitioner's mother, an SSI recipient, as part of the petitioner's family and public assistance household in determining the amount of AFDC benefits the petitioner should receive *(see,* 42 USC § 602 [a] [24]; 18 NYCRR 352.2 [b]; *Matter of Leone v Blum,* 73 AD2d 252, 258, *affd sub nom. Matter of Delmar v Blum,* 53 NY2d 105; *Matter of Reeves v Fahey,* 65 AD2d 633; *Matter of Barton v Lavine,* 54 AD2d 350; *Matter of Schimmel v Reed,* 50 AD2d 1085, *affd* 40 NY2d 887; *see also, Folsom v Blum,* 87 FRD 443). As a result, the respondents' determination was error *(see,* CPLR 7803 [3]). Bracken, J. P., O'Brien, Goldstein and Florio, JJ., concur.