SCHWARTZ, Senior Judge.
The appellant was the recipient of erroneous overpayments of temporary cash assistance and food stamps from the Department of Children and Families. She now seeks review of the following decision of the Department of Children and Families, Office of Appeal Hearings, rejecting her claim that the state’s claims for reimbursement were barred as untimely:
[Petitioner argues that the benefit recovery claims are no longer a legally enforceable debt, as it’s time-barred by Florida’s Statute of Limitations. [She] cite[s] Florida Statutes § 95.11(3)(f) (2003) which limits an action founded on a statutory liability, to four years and therefore, contend that the claim should be cancelled. The Department countered, that this was a Federal debt. The authorities provided by the petitioner’s representative do not lead the hearing officer to believe that the Federal debt should be cancelled because of this Florida law.
In the case at hand, overpayments were discovered on September 3, 1997, and October 8, 1998, due to agency errors. The claims were established on December 15, 2003, and notices of the overpayments were generated on December 16, 2003. While Federal Regulations instruct the State to act on referrals within a certain time frame, they do not list the penalty for not acting timely nor do they instruct the state agency to set aside the petitioner’s claim, for not acting on them timely. In fact, the Federal requirement mentioned in the [Benefit Recovery] Policy Bulletin, instructs *140 the Department not to cancel referrals based on their age. Therefore, not only is the Federal agency not forgiving the claims, it does not intend this language to mean that the state agency forgive a claim that is not processed within the time frame.
Based on the above-mentioned regulations, the hearing officer finds that the Department must seek recovery of the food stamp overpayment claims.... Additionally, the Department must seek recovery of cash assistance overpayment claims....
We find no error and affirm. First, there is no basis for departing from the presumptively correct administrative interpretation of the statute below. See Fla. Hosp. v. Agency for Health Care Admin., 823 So.2d 844 (Fla. 1st DCA 2002); Metro. Dade County v. State Dep’t of Envtl. Prot., 714 So.2d 512 (Fla. 3d DCA 1998). Second, and more important, the view that, in effect, there is no federal or state statute of limitations or untimeliness principle which precludes the state’s recovery of overpayments is in accord with the great weight of well-reasoned authority, with which we fully agree. See Sarasota County v. Nat’l City Bank of Cleveland, 902 So.2d 233 (Fla. 2d DCA 2005)[30 Fla. L. Weekly D1244](chapter 95 inapplicable to administrative code enforcement and “quasi-judicial administrative proceedings initiated pursuant to any administrative law”); Quarterman v. Dep’t of Health and Rehab. Servs., 650 So.2d 104 (Fla. 1st DCA 1995)(regulations requiring prompt recovery of benefit overpayments are merely directory); Prince v. Div. of Family Servs., 886 S.W.2d 68 (Mo.Ct.App.1994)(regulation time requirement for recovering overpayments of benefits does not serve as statute of limitations); Obert v. Colo. Dep’t of Soc. Servs., 766 P.2d 1186 (Colo.1988)(no time limit on right to correct underpayment of benefits which right is identical to overpayment), cert. denied, 490 U.S. 1116, 109 S.Ct. 3178, 104 L.Ed.2d 1039 (1989); Cudal v. Sunn, 69 Haw. 336, 742 P.2d 352 (1987)(failure to comply with promptness provision to correct overpayments does not foreclose subsequent recovery or act as statute of limitations); Anderson v. Comm’r of Dep’t of Human Servs., 489 A.2d 1094 (Me.1985)(time regulations and promptness to correct benefit overpayment provisions directory and not mandatory); Wilson v. Dryden, 169 F.Supp.2d 1010 (D.Minn.2001)(noting that recoupment did not violate agency’s discretionary authority to recover cash assistance benefits without time limit); see also Marshall v. State of Iowa, Dep’t of Human Servs., 559 N.W.2d 612 (Iowa 1997)(statute of limitations inapplicable to state enforcing public right in recovery of welfare overpayment); Burton v. Dep’t of Health & Soc. Servs., 103 Wis.2d 670, 309 N.W.2d 388 (Wis.Ct.App.1981)(state statute of limitations not applicable to re-computation of AFDC benefits where statute is inconsistent with federal law granting full retroactive relief).
Affirmed.