Memorandum. The amendment to the Social Security Act in issue here (Public Law 92-603; 86 US Stat 1462, 1492), is plainly effective as of January 1, 1973. It would have been appropriate to resort to legislative history for clarification were the effective date ambiguous upon the face of the statute. "January 1, 1973” could scarcely be more unambiguous. We decline the invitation to sit as a committee on revision. (Cf. Matter Taylor v Sise, 33 NY2d 357, 363; Matter of Roosevelt Raceway v Monaghan, 9 NY2d 293, 304; Meltzer v Koenigsberg, 302 NY 523, 525.)
If we conclude that "1973” means precisely what it says, in the amendment, then appellant clearly was denied benefits to which she was entitled from August of 1973, when she and her nephew were made subject to the Table for Cooperative Budgeting (18 NYCRR 352.2 [e] [1]), until such time as the table ceased to be applied to her by virtue of a reorganization of aid programs by the Federal and State governments. The fact that appellant has already received the benefits she sues for does not render her case moot; she obtained these benefits under the terms of a stay pending this litigation and, as Special Term noted below, she has a right to a determination that she is entitled to keep those payments. The legal issue she raises is unchanged.
We do not find a class action appropriate in these circumstances.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur; Judge Cooke taking no part.
Order affirmed, without costs, in a memorandum.