■ In the Matter of BILLIE J. REEVES, as Mother and Natural Guardian of JERMERAL REEVES, an Infant, Respondent, v JOHN FAHEY, as Commissioner of Albany County Department of Social Services, et al., Appellants.— Appeal from a judgment of the Supreme Court at Special Term, entered October 18, 1977 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a fair hearing decision of the Commissioner of the New York State Department of Social Services. The petitioner, the mother of Jermeral Reeves, an infant, is the

recipient of $167.30 per month in assistance under title 16 of the Social Security Act (Supplemental Security Income for the Aged, Blind, and Disabled [SSI]; Social Security Act, § 1601 *et seq.,* US Code, tit 42, § 1381 *et seq.).* Petitioner also received $241 per month in assistance from the Department of Social Services of Albany County under the Aid to Families with Dependent Children (ADC) program (US Code, tit 42, § 601 *et seq.).* The monthly ADC grant included $130 to cover the full amount of rent which the petitioner paid for her apartment. On February 8, 1977, the Albany County Department of Social Services sent notice of its intention to reduce the ADC grant from $241 per month to $176 per month to effect an equal proration of rent between the ADC and SSI grants. Petitioner objected. Thereafter, in response to a telephone inquiry by an employee of the Albany County Department of Social Services, petitioner stated that she applied $100 of each SSI check to her rent. On the basis of this conversation, petitioner was sent a second "notice of intent to reduce public assistance" reducing the ADC grant by an additional $35. By decision rendered July 5, 1977, the appellant Commissioner of the New York State Department of Social Services upheld both reductions of the ADC grant. Special Term annulled this fair hearing decision upon its finding that the reduction violated title 42 (§ 602, subd [a], par [24] [Social Security Act]) of the United States Code which provides that a person receiving SSI benefits shall not be regarded as a family member for the purpose of determining ADC benefits and that his income, resources and amount of assistance cannot be counted as the resources of the family for ADC purposes. We agree with Special Term. This case is essentially indistinguishable from *Matter of Schimmel v Reed* (50 AD2d 1085, affd 40 NY2d 887) and *Matter of Barton v Lavine* (54 AD2d 350), in which the practice of prorating ADC allowances based upon the presence of an SSI recipient within the household was struck down as violating the applicable Federal statutes and regulations. Contrary to the present claims of the appellants, the Social Security Law (US Code, tit 42, § 602, subd [a], par [24]) prohibits not only the proration of the ADC shelter expense by reason of the mere presence of the SSI recipient in the household, it also prohibits any consideration of the income and resources of the SSI recipient in determining the amount of the ADC grant. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.