Amanda FOLSOM, Individually and on behalf of her minor grandchildren and on behalf of all other persons similarly situated, Plaintiff,

v.

Barbara BLUM, as Commissioner of the New York State Department of Social Services, and Muriel O'Connor, as Commissioner of the Sullivan County Department of Social Services, Defendants.

79 Civ. 6135 (KTD).

United States District Court,
S. D. New York.

July 16, 1980.

Mid-Hudson Legal Services, Inc., Monticello, N. Y. (David L. Posner, Monticello, N. Y., of counsel), Greater Upstate Law Project, Rochester, N. Y., of counsel (Rene H. Reixach, Jr., Rochester, N. Y., of counsel), for plaintiff.

Robert Abrams, Atty. Gen., of N. Y., New York City (Frederick K. Mehlman, Asst. Atty. Gen., New York City, of counsel), for defendant Barbara Blum.

## OPINION

KEVIN THOMAS DUFFY, District Judge:

Plaintiff, Amanda Folsom, individually, on behalf of her minor grandchildren and on behalf of all persons similarly situated, brought this action pursuant to 42 U.S.C. §§ 602(a)(1), (a)(3), (a)(24), 1983 and 1988, seeking declaratory and injunctive relief from the New York state practice of reducing the shelter allowance under Aid to Families with Dependent Children [hereinafter "AFDC"] when the recipient of such benefits resides with a Social Security or Supplemental Security Income [hereinafter "SSI"] beneficiary. Further, plaintiff seeks to recover retroactive benefits from 1977. In addition to the above constitutional claims, it is alleged that the state policy violates the following federal regulations: 45 C.F.R. §§ 233.20(a)(1)(ii), (a)(3)(vi), (a)(3)(x), 45 C.F.R. §§ 205.100(a)(1), 205.-120(a). Jurisdiction is predicated upon 28 U.S.C. § 1343(3) and 28 U.S.C. § 1331.

Barbara B. Blum, Commissioner of the New York State Department of Social Services, and Muriel O'Connor, Commissioner of the Sullivan County Department of Social Services, are named defendants. Plaintiff has moved for class action certification pursuant to Fed.R.Civ.P. 23. Simultaneously, the defendant has moved under Fed.R.Civ.P. 12(b) to dismiss the plaintiff's case for failure to state a claim upon which relief can be granted and for lack of jurisdiction. Since I have considered matters outside the pleadings, the defendant's motion to dismiss pursuant to Rule 12(b) will be treated as a motion for summary judgment under Rule 56.

AFDC is a federally–funded program that is administered by the states. It is designed to provide financial assistance to needy dependent children, their parents or relatives who live with or care for them. 42 U.S.C. §§ 601 *et seq.*; 45 C.F.R. §§ 233.10 *et seq.* Ordinarily, any income received by an AFDC beneficiary or relative is considered by the state when calculating the extent of family need. 42 U.S.C. §§ 602(a)(7). Under federal law, however, states are prohibited from considering Social Security and SSI benefits. 42 U.S.C. § 602(a)(24). Yet, pursuant to the New York policy for administering AFDC, shelter allowances are reduced when a recipient of Social Security or SSI actually contributes to the cost of family shelter. The defendant argues that New York's policy is supported by the statutory provision that limits AFDC shelter allowances to the amount actually paid by the AFDC recipient. 42 U.S.C. § 602(a)(24).

The facts are undisputed. Plaintiff receives Social Security disability benefits and SSI. At the time New York's policy origi-

nally was applied to Mrs. Folsom, she lived with her four grandchildren who were AFDC beneficiaries. She presently lives with her minor daughter and a minor grandson; both receive AFDC. Plaintiff's rent is $90 per month. Since she actually contributes to the cost of shelter (either by means of an alleged $50 contribution or by pooling all funds) the family's AFDC shelter allowance was reduced by the amount allegedly contributed.

*Class Action Certification*

■ The Court finds this lawsuit properly maintainable as a class action since the requisites of Rule 23(a), and (b)(1)(A) of the Federal Rules of Civil Procedure have been satisfied.

■ The defendant argues that since declaratory and injunctive relief will inure to the benefit of the proposed class, certification is unnecessary. However, the additional remedy that plaintiff seeks, notification to all class members of the procedure for recouping past benefits, requires a preliminary grant of class status. Addressing this issue, defendant asserts that such a request is premature; declaratory relief must be granted before such notice can be ordered. Yet, a determination of class status must precede consideration of the merits. The state claims that class status "would not provide a superior method of adjudicating the issues," and thus, Rule 23(b)(3) has not been satisfied. (*Citing Davis v. Smith*, 431 F.Supp. 1206, 1209 (S.D.N.Y.1977)). *See* Fed.R.Civ.P. 23(b)(3). The court need not address defendant's claim that section (b)(2) or (b)(3) of Rule 23 have not been satisfied. Proof that Rule 23(b)(1) has been satisfied is sufficient.[1] In support of compliance with Rule 23(b)(1), the defendant admits that the issue at bar has created "inconsist-

ent [and] varying adjudications." Defendant's Reply Memorandum at 8. *See* Fed.R. Civ.P. 23(b)(1)(A).

Both parties agree to the estimated 25,-000 AFDC households which included an SSI recipient in New York in 1977. (Plaintiff's Memorandum at p. 6; Defendant's Reply Memorandum at p. 5). The defendant asserts, however, that numerosity is not met since the New York policy applies only to those families where the Social Security or SSI recipient actually contributes. Even if this point is conceded and the estimate is thus reduced, the class will undoubtedly number in the hundreds at the very least. Moreover, the class is such that its composition will change constantly as existing AFDC, Social Security and SSI benefits are discontinued, and new applications are granted. The size of the class will fluctuate further if Social Security and SSI beneficiaries discontinue any actual contribution to the cost of shelter. Therefore, joinder of all class members is impracticable. *See* Fed.R. Civ.P. 23(a).

■ The defendants argue, however, that class certification must be denied since the plaintiff is unable to state the exact number of persons affected. This is pure sophistry. The exact number of affected persons is known to the defendants who have the means to identify them at will.

The other formal requirements of class certification are obviously present here. The defendants maintain that such certification must be denied since the relief sought is merely declaratory and prospective. This is a classic case where "the prosecution of separate actions . . . would create a risk of . . . inconsistent or varying adjudications." The defendant admits that the policy under attack is

---

1. The prerequisites for class certification under Fed.R.Civ.P. 23(a) are: (1) numerosity, (2) "questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of [those] of the class, and (4) the representative party will fairly and adequately protect the interests of the class." Prior to certification, any of three qualifications set forth in Fed.R. 23(b) also must be satisfied: (1) individual actions "would create a risk of

(a) inconsistent or varying adjudications . . or (b) adjudications with respect to individual members which would as a practical matter be dispositive of the interests of [other class members] or (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, . . . or (3) . . a class action is superior to other available methods for fair and efficient adjudication."

no longer enforced within the Third Department. Since *Reeves v. Fahey*, 65 App. Div.2d 633, 409 N.Y.S.2d 277 (3d Dep't 1978), *appeal denied* 47 N.Y.2d 706, 417 N.Y.S.2d 1026, 391 N.E.2d 305 (1979), is binding only in that jurisdiction, the defendant argues that any unequal application is the result of the New York State judicial system. *See* Defendant's Reply Memorandum at 8.

Inconsistent enforcement of the policy under attack is not the result of New York's judicial system. Rather, it is the result of the Commissioner's attempt to unconscionably avoid the *Fahey* mandate in other Departments. In doing so, the defendant is wilfully and knowingly attempting to create inconsistent adjudications.

Accordingly, I conclude that this action satisfies Rule 23(a) and (b). Class action status is granted for purposes of securing declaratory and injunctive relief and notification to all class members.

*Jurisdiction*

■ Pursuant to 28 U.S.C. § 1331 defendant concedes that plaintiff's claims arise under the laws of the United States. It is argued, however, that the plaintiff's request fails to meet the jurisdictional amount of $10,000 since retroactive damages equal $1,800. When calculated from the plaintiff's standpoint, "the value of the suit's intended benefit" necessarily includes future benefits of $50 per month. *Kheel v. Port of N.Y. Authority*, 457 F.2d 46, 49 (2d Cir. 1972). Thus, the jurisdictional amount is satisfied.

■ To determine whether plaintiff's case raises a constitutional question sufficient to support federal jurisdiction under 28 U.S.C. § 1343(3), the court must consider the plaintiff's due process and equal protection claims. Unless a constitutional claim has no hope of success it cannot be deemed too insubstantial to support federal jurisdiction. *Riddick v. D'Elia*, 626 F.2d 1084, at 1088, (2d Cir. 1980). In the instant case plaintiff's claims are premised upon selective enforcement of a state policy, and thus, are not too insubstantial to support federal jurisdiction. *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

■ Turning to the defendant's abstention argument, it is noted that the instant case fails to satisfy any of the three traditional categories for abstention. *Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.*, 600 F.2d 1228, 1233 n. 11 (2d Cir. 1979). In its discretion, the Court may, however, defer to a parallel state proceeding "for reasons of 'wise judicial administration.'" *Id.* quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). Since the New York Court of Appeals recently denied an appeal concerning precisely the issue at bar, *Reeves v. Fahey, supra*, this Court is in a better position than lower state courts "to make the most comprehensive disposition" of the validity of New York's policy. *Calvert, supra*, at 1233.

*The Merits*

The initial inquiry is whether New York's practice of reducing AFDC shelter allowances by the amount actually contributed by Social Security and SSI beneficiaries violates 42 U.S.C. § 602(a)(1), (a)(3) and (a)(24). The statute reads as follows:

> A state plan for aid and services to needy families with children must
>
> (1) . . . be in effect in all political subdivisions
>
> .    .    .    .    .
>
> (3) provide for . . . a single state agency to administer the plan . . .
>
> .    .    .    .    .
>
> (24) provide that if an individual is receiving benefits under Subchapter XVI of this chapter . . . his income and resources shall not be counted as income and resources of a family under this subchapter.

■ Although the Appellate Division, Third Department, struck down New York's policy of computing AFDC shelter allowances as violative of 42 U.S.C. § 602(a)(24), *Reeves, supra*, the Commissioner of the New York State Department of Social Services continues to apply such policy

throughout other Departments. Thus, the Commissioner is in violation of 42 U.S.C. § 602(a)(1). Turning to the heart of the plaintiff's claim, I find that the Commissioner's policy of considering Social Security and SSI income actually contributed toward the shelter of AFDC recipients is in direct violation of 42 U.S.C. § 602(a)(24) which mandates that such income "shall not be counted as income and resources of a family under [AFDC]." It is interesting to note that in a recent appeal to the Second Circuit the Commissioner argued that "federal law explicitly provides for disregard of SSI . . . income in setting the level of AFDC grants." *Riddick, supra*, 626 F.2d 1084, at 1089. Accordingly, it is unnecessary to consider plaintiff's additional claims. The state policy must give way to federal law under the Supremacy Clause.

Upon searching the record, it is clear that no genuine issue of material fact exists before this court. Summary judgment must be granted for the plaintiff with concomitant injunctive relief from New York's policy. Defendant Blum is ordered to issue an administrative directive to all local Social Services agencies in accordance with this opinion. Retroactive benefits are denied. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Consistent with the Eleventh Amendment, however, defendant is ordered to send an "explanatory notice to members of the plaintiff class advising them" of the administrative procedures available for recouping wrongfully withheld benefits. *Quern v. Jordan*, 440 U.S. 332, 334, 99 S.Ct. 1139, 1141, 59 L.Ed.2d 358 (1979).

Settle judgment on five (5) days' notice.