Ann CORRIGAN, et al.

v.

**John J. AFFLECK, Individually and in his capacity as Director of the Rhode Island Department of Social & Rehabilitative Services.**

Civ. A. No. 80–0480.

United States District Court,
D. Rhode Island.

Oct. 5, 1981.

Barry Best, R. I. Legal Services, Providence, R. I., William Rutzick, Pawtucket, R. I., for plaintiff.

Jeffrey Pine, Dept. of the Atty. Gen., of R. I., Providence, R. I., for defendant.

## MEMORANDUM AND ORDER

PETTINE, Chief Judge.

This case presents a class action challenge to the Rhode Island Department of Social and Rehabilitative Services' computation of benefits under the Aid to Families with Dependent Children (AFDC) Program. The plaintiff class consists of:

> all Rhode Island residents who are or will be recipients of Aid to Families with Dependent Children ("AFDC") and who would be members of AFDC units of two or more persons but for the fact that other family members, though needy, are excluded from the AFDC grant by reason of their receipt of Supplemental Security Income benefits under Title XVI of the Social Security Act.[1]

Plaintiffs claim that the Department's method of computing their AFDC benefits violates federal statutory and constitutional requirements, and they demand declaratory and injunctive relief.[2] Jurisdiction is conferred on this court by 28 U.S.C. § 1331. The case is now before me on plaintiffs' motion for summary judgment. Mindful of the duty at this preliminary stage to look at the record in the light most favorable to defendant and to indulge all inferences fa-

---

1. *See* Memorandum and Order of March 27, 1981 certifying the plaintiff class.

2. On February 13, 1981 by consent of the parties, the court issued a Temporary Restraining Order prohibiting defendant from reducing plaintiff Petrone's AFDC grant to any amount less than $271.98. Subsequently the parties entered into an Interlocutory Consent Decree providing that any relief eventually granted by this court to the plaintiff class would be awarded from and after the date of July 1, 1981.

vorable to defendant, *see Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir. 1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 54 (1976), I nevertheless find that there are no genuine issues of material fact and that plaintiffs are entitled to judgment as a matter of law. Plaintiffs' motion is therefore granted.

The legal problem raised by this action arises out of the need to coordinate the Aid to Families with Dependent Children (AFDC) Program and the Supplemental Security Income (SSI) Program. Both AFDC and SSI are programs aimed at providing financial relief to certain categories of needy individuals. AFDC seeks to encourage "the care of dependent children in their own homes or in the homes of relatives by enabling each State to furnish financial assistance . . . to needy dependent children and the parents or relatives with whom they are living to help maintain and strengthen family life . . . ." 42 U.S.C. § 601. SSI is targeted at helping needy individuals who have attained the age of 65 or who are blind or disabled. 42 U.S.C. § 1381. To coordinate the distribution of benefits under these distinct programs, Congress provided that:

> if an individual is receiving benefits under subchapter XVI of this chapter, (SSI) then, for the period for which such benefits are received, such individual shall not be regarded as a member of a family for purposes of determining the amount of the benefits of the family under this subchapter (AFDC) and his income and resources shall not be counted as income and resources of a family under this subchapter.

42 U.S.C. § 602(a)(24). Briefly put, plaintiffs' contention is that this statute requires the Department to calculate AFDC benefits in all cases where one AFDC recipient

shares a household with SSI recipients in such a way as to provide the AFDC recipient with enough money to maintain an independent household by himself, without requiring a sharing of expenses with the SSI recipients. The Department maintains that this would create a substantial overlap between the AFDC and SSI programs, a result that Congress could not have intended.

To understand this dispute, a detailed discussion of the Rhode Island AFDC Program is required. Prior to 1973, the Department of Social and Rehabilitative Services paid AFDC recipients an amount based on their individualized needs. In 1973, the Department moved from this system to a system of flat grants in the determination of benefits. Under this new system the Department would award families a sum certain, based not on the particularized needs of that family, but on the average amount received by each AFDC family of that size under the old system of individualized grants.

To implement the flat-grant program, the Department retained a consulting firm which took a sample of all AFDC recipient families, averaged the grants for each size family, and from that average established the flat-grant for each family size. Thus, the flat grant established for a family of two reflected the average of grants received by all families of two in the survey's sample. This amount would be sufficient to satisfy the average standard of need of two people living as an independent household.[3]

At the time of the survey, families with only one AFDC recipient [hereinafter referred to as families-of-one] constituted a special category. There were virtually no families-of-one that consisted of one person living alone and maintaining an independent household.[4] Rather, all, or virtually

---

3. It is the policy of Rhode Island to fund 100% of the standard of need. *See Roselli v. Affleck,* 373 F.Supp. 36, 42 (D.R.I.), *aff'd,* 508 F.2d 1277 (1st Cir. 1974).

4. Defendant seems to contest this. He suggests that the family-of-one category at this time also included a pregnant woman living

alone who became eligible for AFDC as a family-of-one until the birth of her child. This seems contrary to the testimony given by defendant at his deposition. There he testified that the only families-of-one that he could recall as being included in the 1973 survey consisted of a single eligible child living in one of the three settings described below. *Affleck*

all, families-of-one consisted of one eligible child living in one of the following three settings: 1) with non-needy relatives who were not legally responsible for the child's support; 2) with a "sanctioned" AFDC parent who was not receiving AFDC because of a refusal to participate in the work incentive program; or 3) with a parent who was receiving assistance under the Aid for the Aged, Blind and Disabled (AABD) Program.[5] In determining the amount of flat grant available to these families-of-one, the Department apparently did not attempt to provide an award sufficiently large to meet the standard of need for one person living alone. Rather, the Department recognized that virtually all families-of-one consisted of children living in households with other people, and accordingly supplied a flat grant sufficient to cover the eligible child's pro rata share of total household expenses.[6] This latter figure would inevitably be lower than the former since the standard of need is higher for one person who lives alone than for one person who lives with other persons and pays only his pro rata share of total expenses.

This method of establishing the flat-grant amount produces some curious results when families consist of both AFDC and SSI recipients. For purposes of illustration, consider the case of a needy mother with two children who becomes disabled and is consequently eligible for SSI. The Department in such a case would continue to provide the two AFDC recipient children with a flat grant which corresponds to the average standard of need of a family of two persons living as an independent household, or $276.24 per month.[7] The newly disabled

---

Deposition at 21. He further testified that the large majority of these were cases where one child lived with non-needy relatives. Id. at 21–22. Defendant does not seek to counter this testimony with any evidence that pregnant women represented a significant number of the families-of-one included in 1973 survey, or even that any were included at all. I conclude from this that the families-of-one included in the 1973 survey did not contain a significant number of pregnant women living alone, and that defendant has not raised a genuine issue of material fact on this point.

5. The parties dispute what percentage of these AFDC families-of-one were children living with non-needy relatives. I regard this dispute as immaterial. Whether the AFDC family-of-one child lived with needy or non-needy relatives, he was accorded a grant that reflected only his pro rata share of household expenses, and it is this practice which plaintiffs allege to be violative of the federal statutory mandate.

6. In his Statement of Disputed Facts, the defendant seems to contest this. He asserts that, "The AFDC benefit amounts for families of one which were averaged in the process of determining the flat-grant amount definitely did not take into account in all cases reduced shelter costs or 'economies of scale.'"
But again, plaintiffs cite defendant's own testimony that the flat-grant amount for families-of-one represents the AFDC recipient's pro rata share of household expenses for necessary items. Affleck Deposition at 23. Figures cited by defendant also support this conclusion. Defendant's Exhibit 6, the AFDC Consolidated Standard Effective 7/8/76, reveals a shelter allowance for an AFDC family-of-one of only $27.95, while the comparable figure for a family of two is $90.89. It seems improbable that the family-of-one's shelter allowance (which is less than one-third of the allowance for a family of two) could represent the actual shelter expenses of one person living alone in an independent household. I thus conclude that the defendant has failed to raise a genuine issue of material fact on this point.
Defendant's argument on this point seems misplaced. He notes that families consisting of one AABD recipient and one AFDC recipient were represented in the sample of families-of-one used to determine the flat-grant amount. Defendant points out these AABD/AFDC recipients are essentially analogous to the SSI/AFDC recipients that make up the plaintiff class. He concludes from this that the plaintiff class was fairly represented in the original sample, and that plaintiffs cannot complain of the accuracy of the survey.
But plaintiffs' argument focuses not on the statistical accuracy of the original sample, but on the fact that all sampled AFDC families-of-one were allotted only an amount equal to the AFDC beneficiary's pro rata share of family expenses in determining the flat-grant amount. Nothing in defendant's argument in any way contradicts this.

7. All figures are taken from the Department of Social and Rehabilitative Services Manual of Public Assistance Programs § 209 (Dec. 1980). The Department provides a larger grant during winter months. All figures cited reflect the non-winter standard as of June 1, 1981. Increases in both Supplemental Security Income and Aid to Families with Dependent Children became effective in July, 1981.

mother would receive $280.05 under the SSI program,[8] for a combined monthly income of $556.29. This is $216.30 more than the amount the family would have been receiving prior to the mother's disability when all three family members were AFDC recipients. Part of the reason for this extra amount is an apparent overlap between the AFDC and SSI programs.[9] The AFDC grant in this case would provide a sufficient amount for the two AFDC recipients to establish an independent household. The SSI grant would provide enough for the SSI recipient to establish an independent household.[10] Yet, all three recipients would live together, and by sharing expenses, could have a combined grant that significantly exceeded their standard of need.

When a needy mother who lives with only one needy child becomes disabled, the family is not in so good a position. The AFDC child would be awarded $118.05 per month and the newly disabled mother would receive $280.05 per month, for a combined monthly income of $398.10. This is only $121.86 more than the amount the family would have been receiving under AFDC before the mother became disabled. Needless to say, this additional $121.86 is substantially less than the extra $216.30 that a needy mother with two needy children get when the mother becomes disabled. This disparate treatment arises from the fact that there is not the same degree of overlap between AFDC and SSI in this instance. While the SSI recipient would be awarded enough to establish an independent house-

hold, the AFDC recipient would not be, but would receive only enough to cover his *pro rata* share of expenses in a household shared with others. Plaintiffs maintain that this disparate treatment is inequitable and violates 42 U.S.C. § 602(a)(24).[11]

When Congress established the Supplemental Security Income Program, it specifically provided that when a family consists of both SSI and AFDC recipients, the SSI recipient shall not be regarded as a member of the family and his income and resources shall not be counted as income and resources of the family in determining the amount of the family's AFDC benefits. 42 U.S.C. § 602(a)(24). In all cases of families that have both AFDC and SSI recipients, plaintiffs contend that this statute requires the Department to ignore completely the presence of the SSI recipients in the household when computing the family's AFDC benefits. Specifically, they argue that where there is a family with only one AFDC recipient and one or more SSI recipients, the Department must provide the AFDC recipient with a sufficient grant to satisfy the needs of one person living alone in order to comply with the statutory mandate. The present AFDC family-of-one grant fails to provide this.

Beyond the literal words of the statute itself, plaintiffs' position has significant support in case law. The first court to consider the meaning of 42 U.S.C. § 602(a)(24) was *Nelson v. Likins*, 389 F.Supp. 1234, (D.Minn.1974), *aff'd per cu-*

---

**8.** Plaintiffs' Exhibit 10.

**9.** Plaintiffs suggest that the additional amount is due to the fact that one member of the family is blind, disabled, or aged. I am not convinced that this explains the entire additional amount. The defendant points out that if plaintiffs' requested relief is granted, an AFDC adult with an SSI child during winter months will receive only $13.69 less than an SSI adult living with an SSI child. One would expect a much greater difference if larger benefits were in fact being granted to households on the basis of the number of blind, disabled or aged individuals present in the family.

**10.** In 1980, SSI provided $280.05 per month to "individuals" and $207.90 to "individuals in another's home." Where an SSI recipient resides

with an AFDC recipient, the SSI recipient apparently receives the higher figure. *See* Plaintiffs' Memorandum of Law at 18; Defendant's Memorandum of Law at 17.

**11.** Plaintiffs also argue that this violates the regulation implementing this statute which provides that:

individuals receiving SSI benefits under title XVI, for the period for which such benefits are received, shall not be included in the AFDC assistance unit for purposes of determining need and the amount of the assistance payment.

45 C.F.R. § 233.20(a)(1)(ii) (1980).

*riam,* 510 F.2d 414 (8th Cir. 1975). That case posed a challenge to Minnesota's AFDC program which distinguished between "unshared households" that consisted exclusively of AFDC recipients, and "shared households" where some family members were AFDC recipients and some were not. Households made up of AFDC recipients and SSI recipients were classified as "shared households," and the AFDC recipients were awarded only an amount that approximated their *pro rata* share of total household expenses, rather than the higher amount they would have received if they had been living by themselves in an independent "unshared household." The court held that this violated 42 U.S.C. § 602(a)(24), and it required Minnesota welfare officials to disregard completely the presence of SSI recipients in households shared with AFDC recipients. In all such cases, defendants were required to provide the AFDC recipients with the amount of benefits to which they would be entitled if they were living by themselves in an "unshared household."

Another case very similar to this one, *Martinez v. Maher,* 485 F.Supp. 1264 (D.Conn.), *aff'd per curiam,* 631 F.2d 5 (2d Cir. 1980), was decided more recently. That case challenged, among other things, Connecticut's method of computing benefits for AFDC families-of-one who shared a household with one or more SSI recipients. It was Connecticut's practice to provide the AFDC recipient in such situations with only his approximate *pro rata* share of total household expenses. The court noted that the case law was "very persuasive that § 602(a)(24) prohibits the state from taking into consideration in any way the presence of an SSI recipient in an AFDC household when computing the AFDC recipients' award. "*Id.* at 1272. The court concluded that:

> Both the Department's proposals and its current policies with regard to this subgroup clearly fall within the range of prohibited practices. Whether the Department awards an AFDC family of one in these situations half the family of two grant or a figure based on the addition of

a "pre-add" to the proration of the family of two shelter component, it is still basing its computation on a proration of needs between the AFDC recipient and the SSI recipient. Viewed from any angle, this method of computation takes into account the presence of the SSI recipient in the household, as the Department has admitted. This the statute does not permit.

*Id.* at 1272 (footnotes omitted).

Other courts that have interpreted § 602(a)(24) have been unanimous in concluding that this section mandates that the amount of assistance payments to AFDC recipients sharing households with SSI beneficiaries must be calculated by the States as though the SSI beneficiaries living in the house were not in fact present. *See Folsom v. Blum,* 87 F.R.D. 443, 446–47 (S.D.N.Y. 1980); *Duval v. Philbrook* (D.Vt. No. 76–34, June 3, 1976) (unpublished); *Barton v. Lavine,* 38 N.Y.2d 785, 345 N.E.2d 339, 381 N.Y.S.2d 867 (1975), *cert. denied,* 425 U.S. 985, 96 S.Ct. 2191, 48 L.Ed.2d 810 (1976); *Reeves v. Fahey,* 65 A.D.2d 633, 409 N.Y. S.2d 277 (1978), *appeal denied,* 47 N.Y.2d 706, 417 N.Y.S.2d 1026, 391 N.E.2d 305 (1979); *Schimmel v. Reed,* 50 A.D.2d 1085, 377 N.Y.S.2d 313 (1975), *aff'd,* 40 N.Y.2d 887, 389 N.Y.S.2d 361, 357 N.E.2d 1016 (1976). The defendant claims that all these cases are distinguishable because they are factually different from the case at bar. It is true that all these cases involved somewhat different facts. But in these cases the courts are clear as to the meaning of the statute in question, and this is something that cannot vary from one factual setting to another.

The Department of Social and Rehabilitative Services in calculating the amount awarded to AFDC recipients who reside with SSI beneficiaries may not in any way take into account the presence of the SSI beneficiaries in the household. But this is precisely what the Department does when it awards the AFDC family-of-one only enough to pay his or her *pro rata* share of household expenses on the implicit assumption that the SSI beneficiary or beneficiaries residing with him or her can likewise

pay their *pro rata* share.[12] Because I find that this is in violation of federal statutory requirements, I need not reach plaintiffs' constitutional claims.

The defendant will be required to bring the Department's AFDC Program into compliance with the federal statute. Specifically, the defendant will be required to formulate a new standard of need that reflects the needs of one person living alone and maintaining an independent household. Grants will then be made to all families that consist exclusively of one AFDC beneficiary residing with one or more SSI beneficiaries in accordance with this new standard.[13] Plaintiffs in their memorandum of law have suggested a number of ways in which such a new standard might be calculated. Any one of these methods appears acceptable to the court. But I am mindful that it is not the province of this court to select a specific benefit level or method of benefit computation. The defendant is accordingly ordered to formulate a plan in conformity with the findings and conclusions of this opinion within 20 days. So ordered.

---

**12.** I realize that the Department's policy in this regard is aimed at preventing an overlap between the AFDC and SSI programs. The present statutory scheme appears to call for paying both AFDC and SSI beneficiaries enough to establish separate and independent households, even when they reside together at considerably less expense. One court suggested that this overlap might be remedied if SSI recipients who resided with AFDC recipients were awarded the smaller grant accorded to SSI beneficiaries living in the household of another. *See Nelson v. Likins,* 389 F.Supp. 1234 (D.Minn.1974), *aff'd per curiam,* 510 F.2d 414 (8th Cir. 1975). This, however, is apparently not the practice in the State of Rhode Island. While I am dismayed that this serious overlap exists, it exists because present legislation requires it. It is obviously neither the most efficient nor the most equitable way in which to coordinate the AFDC and SSI programs. Demands for change, however, must be addressed to Congress which alone has the power to amend the statute. *See Nelson v. Likins,* 510 F.2d 414 (8th Cir. 1975); *Barton v. Lavine,* 54 A.D.2d 350, 389 N.Y.S.2d 416, 418–19 (1976).

**13.** Where the family consists of one AFDC recipient residing with one or more SSI recipients *and* other family members, no change in benefit levels may be required. For example, consider the case of a family consisting of one AFDC child and one SSI child, i. e., a child who is blind or disabled, living with a non-needy relative who is not responsible for their support. In such a case, federal law obliges the Department to ignore the SSI child's presence in the household altogether. Having done this, however, the Department remains free to treat the AFDC child in the same way that it treats other single AFDC recipients who reside with non-needy relatives. Plaintiffs acknowledge that in such a case the present flat-grant amount is valid in all respects. *See* Plaintiffs' Memorandum of Law at 29.