**Amanda FOLSOM, individually and on behalf of her minor grandchildren and on behalf of all other persons similarly situated, Plaintiffs,**

**v.**

**Barbara BLUM, as Commissioner of the New York State Department of Social Services, et ano., Defendants.**

No. 79 Civ. 6135 (KTD).

United States District Court,
S.D. New York.

Dec. 29, 1982.

McCabe & Mack, Poughkeepsie, N.Y., for plaintiffs; David C. Posner, Poughkeepsie, N.Y., of counsel.

David Goldfarb, The Legal Aid Society, New York City, for Phyllis Figueroa, Mary Roberts and Victoria Rodriguez; Ian F. Feldman, New York City, of counsel.

Mark H. Spires, Queens Legal Services Corp., Jamaica, N.Y., for Delphine Frazier; Wayne G. Hawley, Jamaica, N.Y., of counsel.

MFY Legal Services, Inc., New York City, for Angelina Spain, Carmen Sanchez, Zenaida Indio, Blanche Shubrick and Ana Felix; Irving J. Weitzman, New York City, of counsel.

Robert Abrams, New York City, Atty. Gen., for defendant Blum; Frederick Mehlman, Asst. Atty. Gen., New York City, of counsel.

S. Richard Gross, Liberty, N.Y., for defendant O'Connor.

Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City, for James A. Krauskopf, Com'r, City of New York, Dept. of Social Services; Joseph M. Armstrong, New York City, Solomon Malach, Bronx, N.Y., of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiffs move to hold defendants Barbara Blum, Commissioner of the New York State Department of Social Services and James A. Krauskopf, Commissioner of the City of New York Department of Social Services in contempt of court for their failure to comply with the judgment in *Folsom v. Blum,* 87 F.R.D. 443 (S.D.N.Y.1980) (KTD). In that decision, I invalidated defendants' practice of reducing shelter allowances under the Aid to Families with Dependent Children ("AFDC") program when the recipient of such benefits resides with a Social Security or Supplemental Security Income ("SSI") beneficiary. For the reasons which follow the motion is denied as to both Blum and Krauskopf.

The instant litigation was commenced in late 1979 by Amanda Folsom individually and on behalf of all other persons similarly situated, against Blum in her capacity as Commissioner of the New York State Department of Social Services and Muriel O'Connor, Commissioner of the Sullivan County Department of Social Services. This class action was certified with the class consisting of:

all persons in the State of New York for whom AFDC benefits have been, are being or will be paid or applied for and who resided, reside or will reside with a person receiving SSI benefits during the same period which AFDC benefits have been, are being or will be paid or applied for[.]

Sept. 18, 1980 Judgment at 1–2. These plaintiffs sought and were granted declaratory and injunctive relief barring the defendants' State practice of reducing the shelter allowances of individuals receiving AFDC benefits when the recipient of such benefits resides with a Social Security or SSI beneficiary. *Folsom,* 87 F.R.D. at 443.

Plaintiffs in the instant motion are ten members of this class whose AFDC benefits have been reduced because they reside in New York City Housing Authority ("NYCHA") facilities with an SSI recipient. Plaintiffs maintain that this reduction in

AFDC benefits is in direct violation of this court's judgment entered September 18, 1980 and therefore, defendants Blum and Krauskopf should be held in contempt.

■ The September 18, 1980[1] judgment ordered

that defendants' practice of reducing AFDC shelter allowances by the amount actually contributed toward household shelter costs by SSI beneficiaries residing with AFDC recipients violates ... 42 U.S.C. § 602(a)(24); ... and that defendants, their successors, agents, employees and persons acting under their direction or supervision be and hereby are enjoined from reducing or continuing to reduce AFDC shelter allowances by the amount actually contributed toward household shelter costs by SSI beneficiaries residing with AFDC recipients.

Blum was a party to this judgment. Although the judgment did not name Krauskopf as a defendant, the plain language of the judgment binds the named defendants and their "agents, employees and persons acting under their direction and supervision." At the very least Krauskopf is acting under the direction and supervision of Blum, *Beaudoin v. Toia,* 45 N.Y.2d 343, 380 N.E.2d 246, 408 N.Y.S.2d 417, 419 (1978), and thus is bound by this court's order if he received notice of it. Personal service of the injunction is not required so long as those whom the plaintiffs seek to hold in contempt had actual notice of the decree. *Vuitton et fils S.A. v. Carousel Handbags,* 592 F.2d 126, 129 (2d Cir.1979). In an affidavit filed in opposition to this motion, Krauskopf's Assistant Deputy Administrator admits that the Department of Social Services of the City of New York received actual notice of the substance of my earlier decisions in the form of administrative directives 80 ADM–82, October 10, 1980, 81 ADM–44 September 11, 1981, and 82 ADM–3, February 3, 1982. Affidavit of Dorothy Lakritz at ¶ 3. Thus, Krauskopf's cross motion to dismiss the contempt motion for lack

of personal jurisdiction is denied, and both Blum and Krauskopf are bound by the previous judgment entered in this case.

■ After determining that Blum and Krauskopf are bound by my previous order, it is necessary then to evaluate their conduct. In any contempt proceeding, plaintiffs have the burden of establishing defendants' non-compliance by clear and convincing evidence. *Perfect Fit Industries, Inc. v. Acme Quilting Co., Inc.,* 646 F.2d 800, 808 (2d Cir.1980). In the present case, plaintiffs who reside in NYCHA facilities have presented evidence that their AFDC benefits were reduced because they resided with a Social Security or SSI beneficiary. Defendants do not dispute that AFDC benefits have been reduced. They contend that the reduction of AFDC payments to parties residing in NYCHA facilities was not enjoined by my previous order but instead is covered by a separate departmental regulation, section 352.3d. N.Y.Admin.Code tit. 18 § 352.3(d) (1982). This regulation sets the rent allowance for public assistance recipients who reside in public housing based upon apartment size with provisions for certain modifications. Specifically the regulation provides that: "When recipients of public assistance are residing with a non-public assistance tenant of record, the rent allowance shall be a *pro rata* share of the above rent schedule, or modified rent schedule."

■ Generally, an order of contempt will not issue unless the prior order which is alleged to have been violated is specific and unambiguous. *See Swift v. Blum,* 502 F.Supp. 1140, 1143 (S.D.N.Y.1980). My previous order did not specifically address the application of the judgment to NYCHA public housing residents and therefore does not possess the requisite specificity for an adjudication of contempt. Furthermore, plaintiffs have failed to establish that the defendants have not been reasonably diligent and energetic in attempting to accomplish what was specifically ordered. *Powell*

---

1. The parties subsequently agreed that the September 18, 1980 judgment was to have a retro- active effect to November 19, 1979.

*v. Ward,* 643 F.2d 924, 931 (2d Cir.), *cert. denied,* 454 U.S. 832, 102 S.Ct. 131, 70 L.Ed.2d 111 (1981). Thus, a contempt citation would be inappropriate here. I do order, however, that my prior order be construed to cover AFDC beneficiaries residing in NYCHA facilities or any other public housing facility with a SSI beneficiary.

Plaintiffs also move for an order directing Krauskopf to issue retroactive benefits from November 16, 1979, to all persons whose AFDC benefits were reduced because they resided in NYCHA housing with a person receiving SSI benefits. An award of retroactive benefits against the state would violate the proscriptions of the Eleventh Amendment.[2] *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Moreover, given the ambiguity of my September 18, 1980 judgment, such an award would penalize the defendants for a reasonable interpretation of the judgment. Therefore, no such award will be ordered.

Finally, plaintiffs request attorneys' fees for the costs of bringing this motion pursuant to Southern District of New York Local Rule 44. This rule provides for the discretionary award of reasonable counsel fees for the prevailing party. This request is denied. This does not mean, however, that if the plaintiffs are forced to move for judicially ordered compliance with this memorandum and order, that I will not assess then reasonable counsel fees against the violating defendants.

In sum, plaintiffs' motion seeking an adjudication of contempt against defendants Blum and Krauskopf is denied, defendant Blum's cross motion to dismiss the contempt motion is denied, retroactive benefits are denied, and no counsel fees are awarded. Settle judgment on ten (10) days' notice within twenty (20) days of this memorandum and order.

2. The propriety of an award of retroactive benefits to the plaintiffs against defendant Krauskopf is not settled. *Cf. Holley v. Lavine,* 605 F.2d 638 (2d Cir.1979), *cert. denied,* 446 U.S.

913, 100 S.Ct. 1843, 64 L.Ed.2d 266 (1980) (Monroe County not to be treated as arm of the state for Eleventh Amendment purposes under given circumstances).